```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
INTEGRITY ELECTRONICS, INC.,                                :
                                                            :
                              Plaintiff,                    :   **MEMORANDUM**
                                                            :   **DECISION & ORDER**
                - against -                                 :
                                                            :   14 Civ. 3197 (BMC)
GARDEN STATE DISTRIBUTORS, INC., et                         :
al.,                                                        :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

This fraudulent conveyance case brought by a judgment creditor against alleged owners and affiliates of the judgment debtors is currently before me on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 69, 12(b)(1), and 12(b)(6). For the reasons that follow, defendants' motion is denied, in part, as to the first two asserted grounds. Plaintiff need only serve opposition to the third ground.

Defendants first argue that plaintiff's action should be dismissed on the ground that it is "contrary to FRCP 69(a)(1)" because it was not brought as a "special proceeding" in state court or by motion in the underlying action, as provided for by New York C.P.L.R. § 5225(b). Special proceedings are available under New York law as an abbreviated means to adjudicate post-judgment issues when the petitioner believes that the facts, or most of them, are not in dispute. There is no suggestion in the statute that C.P.L.R. § 5225 supersedes the well-established right of a plaintiff at common law to bring a plenary action to avoid a fraudulent conveyance. Judgment creditors regularly proceed in state court with plenary fraudulent conveyance actions, and no state or federal court in New York has ever dismissed one on the ground that it should and could only have been brought as a special proceeding.

Indeed, I doubt that a plenary action for fraudulent conveyance brought by a judgment creditor is even a "procedure on execution" as defined by Fed. R. Civ. P. 69(a). The procedures on execution under New York law are contained in Article 52 of the C.P.L.R. The substantive right to avoid a fraudulent conveyance is set forth in the Debtor-Creditor Law, which is New York's adaptation of the Uniform Fraudulent Conveyance Act. Recovery under that statute is available equally to pre-judgment and post-judgment creditors, and nothing in the statute suggests exclusive remedies available to one class of creditor but not the other.

Moreover, even if a fraudulent transfer claim by a judgment creditor had to be brought by a special proceeding, federal courts have sustained such actions where they have been commenced by a complaint. Since there is no such thing as a special proceeding in federal practice, federal courts adapt the state practice to federal practice in a manner consistent with Fed. R. Civ. P. 1. As one court has noted, "[d]espite the statute's 'upon a special proceeding' language, CPLR § 5225(b) is satisfied for purposes of enforcing a registered, federal district court judgment when the plaintiff proceeds by complaint in federal court." CSX Transp., Inc. v. Filco Carting Corp., No. 10-CV-1055, 2011 WL 2713487, at *2 (E.D.N.Y. July 11, 2011) (citing Cordius Trust v. Kummerfeld, 153 Fed. App'x 761, 763 (2d Cir. 2005)). Thus, even assuming that Rule 69(a)(1) applies here, plaintiff has complied with state law. Defendants' first argument for dismissal is therefore meritless.

Defendants next argue that this case must be dismissed under Fed. R. Civ. P. 12(b)(1) because the parties are not diverse – which they are not – and because I lack "ancillary jurisdiction" under Epperson v. Entm't Express, Inc., 242 F.3d 100 (2d Cir. 2001). The rule of Epperson can be easily stated: federal courts have ancillary jurisdiction to hear fraudulent conveyance actions, not veil-piercing or *alter ego* actions. The amended complaint here presents

the former, not the latter.  If plaintiff prevails, it will be because it has proven the former, and the finder of fact will not be asked to determine the latter.

Finally, as I have advised defendants previously, they should dispense with the vitriolic language that permeates each of the submissions they have made in this case.  Whether they engaged in fraudulent conveyances or not, there is no dispute that the individual defendants or their family members have substantial or controlling interests in corporations which had their answer stricken and judgment entered against them by Judge Glasser because they had "repeatedly delayed" and "unnecessarily prolonged" that earlier case.  This was based on findings that those corporations had "failed to fulfill their discovery obligations, disregarded the Court's Orders, and unreasonably delayed these proceedings … ."  Plaintiff is thus not the villain here.  It is an unpaid judgment creditor trying to collect money from the people who allegedly control the judgment debtors and their affiliated companies.  Defendants' attempts to impugn plaintiff's motives through pejorative accusations is a technique that is utterly unpersuasive to me, as this case to do with money, not plaintiff's motives.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
        November 18, 2014

3